UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 03-31666-JKF |
| | ) | |
| BRUCE NORMAN HADDLE dba AAA SIGN COMPANY | ) | ADVERSARY NO. |
| | ) | |
| DEBTOR | ) | CHAPTER 11 |
| BRUCE NORMAN HADDLE dba AAA SIGN COMPANY | ) | |
| | ) | |
| MOVANT | ) | DOCUMENT NO. |
| | ) | |
| VS. | ) | |
| | ) | |
| THE OHIO ART COMPANY, | ) | |
| | ) | |
| RESPONDENT. | ) | |

**COMPLAINT OBJECTING TO CLAIM**
**OF OHIO ART COMPANY**
**AND COUNTERCLAIMS**

**AND NOW COMES,** the Debtor, Bruce Norman Haddle dba AAA Sign Company, by and through his attorneys, SANTILLAN & ASSOCIATES, PC and EDGARDO D. SANTILLAN, ESQUIRE, who file the within COMPLAINT OBJECTING TO CLAIM AND COUNTERCLAIM of which the following is his statement:

1. Petitioner is the Debtor in this Chapter 11 Bankruptcy proceeding having filed a voluntary Petition for Relief on or about September 17, 2003.

2. The Respondent is The Ohio Art Company, with business address of One Toy Street, P.O. Box 111, Bryan, Ohio 43506-0111. The Respondent is represented by Brent E. Baker, Esquire, Newman, Olson & Kerr, 11 Federal Plaza Center, Suite 1200, Youngstown, OH 44503-1516.

3. On February 11, 2004, this creditor filed a Proof of Claim in this case. Ohio Art filed an unsecured claim in the amount of $57,798.08. A copy of said claim is attached hereto as "Exhibit A".

4. The Debtor believes that the balance to Ohio Art was only $41,000.00 at the time of filing of the Chapter 11 case. The proof of claim filed fails to credit Debtor for payments made to Respondent prior to the Bankruptcy filing.

## COUNTERCLAIMS

### First Cause of Action

5. Respondent, Ohio Art Company and Debtor, Bruce N. Haddle, had an ongoing contractual relationship pursuant to which Ohio Art agreed to manufacture signs for Haddle in exchange for payment from Haddle.

6. An explicit term of Ohio Art and Haddle's contractual relationship was that Ohio Art would not manufacture for nor sell signs to any customer of Haddle.

7. Ohio Art on several occasion breached the contract by manufacturing and selling signs to Haddle's customers.

8. As a result, Haddle suffered damages as a result of Ohio Art's breach.

### Second Cause of Action

9. Haddle incorporates by reference paragraphs 5 through 8 of his Counterclaim as if fully rewritten herein.

10. Haddle is the owner of a building located off Main at the corner of Route 208 and Evergreen Road in New Bedford, Pennsylvania.

11. On or about November 8, 1999, an agent or employee of Ohio Art, acting within the course and scope of said agency or employment, negligently operated a delivery truck owned by Ohio Art and backed through a wall of Haddle's building.

12. As a direct and proximate result of the negligent operation by the agent or employee of Ohio Art, Haddle suffered damages.

### Third Cause of Action

13. Haddle incorporates by reference paragraphs 5 through 12 of his Counterclaim as if fully rewritten herein.

14. Ohio Art is in the possession of numerous embossing dies, artwork, color separations, film and proofs (together hereinafter "manufacturing implements") owned by Bruce Haddle.

15. These manufacturing implements are held by Ohio Art is a mutual benefit bailment by Ohio Art in conjunction with its ongoing contractual relationship with Haddle.

16. Certain of these manufacturing implements have been destroyed without just cause by Ohio Art.

17. Ohio Art's destruction of these manufacturing implements constitutes a misappropriation or conversion of Haddle's property.

**Fourth Cause of Action**

18. Haddle incorporates by reference paragraphs 5 through 17 of his Counterclaim as if fully rewritten herein.

19. Ohio Art negligently destroyed Haddle's manufacturing implements in violation of Ohio Art's duty as a bailee to preserve and maintain these manufacturing implements.

**Fifth Cause of Action**

20. Haddle incorporates by reference paragraphs 5 through 19 of his Counterclaim as if fully rewritten herein.

21. Several of the signs Ohio Art manufactured for Haddle's customers contained original artwork owned by Haddle.

22. Ohio Art has engaged in deceptive trade practices in violation of Ohio Revised Code §1465.02 causing likelihood of confusion as to the source, sponsorship, approval or certification of its goods.

23. As a proximate result of Ohio Art's deceptive trade practices, Haddle has suffered and will continue to suffer damage to his business, goodwill and reputation.

24. Ohio Art wilfully engaged in the deceptive trade practices, knowing them to be deceptive, and therefore, should be required to pay Haddle's attorney fees pursuant to Ohio Revised Code §1465.03.

**Sixth Cause of Action**

25. Haddle incorporates by reference paragraphs 5 through 24 of his Counterclaim as if fully rewritten herein.

26. Ohio Art's wrongful use of Haddle's original art work deceived the public into falsely believing there is a connection between Haddle and another. Ohio Art has unfairly competed with Haddle in violation of Ohio common law.

27. As a proximate result of Ohio Art's deceptive trade practices, Haddle has suffered and will continue to suffer damage to its business, goodwill and reputation.

28. Ohio Art acted with malice, aggravated or egregious fraud, or insult that demonstrates Ohio Art is liable to Haddle for punitive damages.

## Seventh Cause of Action

29. Haddle incorporates by reference paragraphs 5 through 28 of his Counterclaim as if fully rewritten herein.

30. Ohio Art, without privilege to do so, has improperly interfered in the contractual relations between Haddle and his customers by inducing or attempting to induce such customers to do business with Ohio Art rather than Haddle.

31. As a proximate result of Ohio Art's actions as alleged herein, Haddle has suffered and will continue to suffer damage to its business, goodwill and reputation.

32. Ohio Art acted with malice, aggravated or egregious fraud, or insult that demonstrates Ohio Art is liable to Haddle for punitive damages.

## Eighth Cause of Action

33. Haddle incorporates by reference paragraphs 5 through 32 of his Counterclaim as if fully rewritten herein.

34. Ohio art, without privilege to do so, has improperly interfered with the prospective contractual relations between Haddle and his potential customers, or those with whom he has a substantial business relationship, by using Haddle's original artwork to manufacture signs to be sold at a lower price than available through Haddle.

35. As a proximate result of the Ohio Art's actions as alleged herein, Haddle has suffered and will continue to suffer damage to his business, goodwill and reputation.

36. Ohio Art acted with malice, aggravated or egregious fraud, or insult that demonstrates Ohio Art is liable to Haddle for Punitive Damages.

## Ninth Cause of Action

37. Haddle incorporates by reference paragraphs 5 through 36 of his Counterclaim as if fully rewritten herein.

38. In an effort to obtain “all of Haddle’s business”, Ohio Art made numerous promises to Haddle including: Haddle would be provided with an ongoing credit line of $150,000.00, Ohio Art would give Haddle exclusivity on the production of premium signs and Ohio Art would not sell premium signs to Haddle’s customers.

39. Ohio Art’s promises were intended to and did induce action and forbearance on Haddle’s part.

40. Haddle’s reliance on Ohio Art’s promises was reasonable and foreseeable by Ohio Art.

41. Ohio Art acted in bad faith when it refused to honor its promises.

**WHEREFORE,** the Debtor, Bruce Norman Haddle, demands judgment as follows:

(A) That Ohio Art be Ordered to deliver all signs in its possession bearing the trademark, artwork or designs of Haddle;

(B) That Ohio Art account for and pay over to Haddle all of the profits realized by Ohio Art from the manufacture and sale of signs bearing Haddle’s original artwork, or any reproduction, counterfeit, copy or colorable imitation thereof or from Ohio art’s unfair methods of competition as alleged herein;

(C) That Haddle recover his damages sustained as a result of Ohio Art’s breach of contract, promissory estoppel, negligent actions, unfair competition, deceptive trade practices, misappropriation of property, and tortious interference;

(D) That Haddle be awarded punitive damages pursuant to Ohio Art;

(E) That Haddle recover the costs of this action; and

(F) That Haddle be granted such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**SANTILLAN & ASSOCIATES, P.C.**

Dated: December 12, 2004

/s/Edgardo D. Santillan, Esquire
Edgardo D. Santillan, Esquire
PA I.D. # 60030
Attorney for the Debtor
650 Corporation Street, Suite 304
Beaver, PA 15009
(724) 770-1040

**THE DEBTOR DEMANDS A TRIAL BY JURY PURSUANT TO F.R.CIV.P. 38**